IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEYENNE BOYER,<br><br>    Plaintiff,<br><br>  v.<br><br>CITIMORTGAGE, INC.,<br><br>    Defendant.<br>_____/ | No. C 10-05060 WHA<br><br>**ORDER GRANTING<br>MOTION TO DISMISS** |

**INTRODUCTION**

This action, which plaintiff is prosecuting *pro se*, arises out of alleged fraud in the origination of a loan secured by real estate. Defendant CitiMortgage, Inc. moves to dismiss the complaint. For the following reasons, defendant's motion is **GRANTED**.

**STATEMENT**

Plaintiff alleges that he entered into a consumer contract for the refinance of his primary residence (Compl. 1). Plaintiff further asserts that "*defendants*, acting in concert and collusion with others [unnamed in the complaint], induced [him] to enter into a predatory loan agreement with *[d]efendant*" (*ibid.* (emphasis added)). Additionally, the complaint states that "defendants" committed numerous acts of fraud in furtherance of "a carefully crafted scheme intended to defraud" him (*ibid.*). Plaintiff also alleges that he was charged false fees at an unspecified settlement proceeding (*id.* at 2). The rest of plaintiff's complaint discusses the mortgage crisis, the practices of banks in issuing predatory loans, and the general state of the real estate industry. It also attempts to set out various legal claims.

Defendant moves to dismiss the complaint because it is based on conclusory language, is time-barred, and fails to state a claim upon which relief can be granted.

## ANALYSIS

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. FRCP 12(b)(6); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that a defendant is liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

The complaint herein utterly fails to state a claim under these standards. It is devoid of any factual allegations. Moreover, the nature of plaintiff's claims cannot be ascertained from the complaint. Plaintiff refers to both *defendant* and *defendants*, though only one party is a named defendant to this action. The complaint makes continuous reference to multiple unspecified parties that have allegedly engaged in conspiracies and caused unspecified harm. But it is unclear who is being referred to and what acts were allegedly committed. The primary reason the complaint lacks clarity is that it consists solely of conclusory rather than factual allegations. The complaint is also ambiguous as to the specific legal claims being asserted.

## CONCLUSION

Defendant's motion to dismiss is therefore **GRANTED**, and the hearing on January 27, 2011, is **VACATED**. Within **THIRTY CALENDAR DAYS**, plaintiff must file a motion on the normal 35-day track seeking to cure the foregoing deficiencies. A proposed amended complaint must be appended to such a motion, and the motion should clearly explain why the amended complaint overcomes the deficiencies stated herein. If plaintiff does not file a motion for leave to file an amended complaint by the deadline, this case will be dismissed.

Plaintiff should be aware that there is free legal assistance available to litigants without lawyers in federal court. This service — called the Legal Help Center — is available to anyone who is representing him- or herself in a civil lawsuit (or is considering filing a civil lawsuit) in the San Francisco or Oakland divisions of the United States District Court for the Northern District of California. The Legal Help Center is located in the federal courthouse in San Francisco: 450 Golden Gate Avenue, 15th Floor, Room 2796. Assistance is provided by appointment only, and appointments are held in person at the Legal Help Center. A litigant may schedule an appointment by signing up in the appointment book located on the table outside the door of the Center or by calling the Legal Help Center appointment line at 415-782-9000 x8657. Plaintiff is encouraged to seek assistance from the Legal Help Center in amending the complaint.

**IT IS SO ORDERED.**

Dated: January 18, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE